**\*NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KAREEM A. GIBBS, | : |
|  | : Civil Action No. 16-680 (SDW) |
| Petitioner, | : |
| v. | : **OPINION** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | : |
| Respondents. | : |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Kareem Gibbs's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 challenging his pre-trial detention. (ECF No. 1). Also before this Court is Petitioner's application to proceed *in forma pauperis*. This Court finds that leave to proceed *in forma pauperis* is authorized in this case, and will therefore grant Petitioner's application. Having granted that application, this court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice.

## I. BACKGROUND

Petitioner, Kareem Gibbs, is currently incarcerated in the Bergen County Jail on sexual assault charges. (ECF No. 1 at 1-2). Petitioner's charges arose out of events which occurred on or about August 21, 2014. (Document 5 attached to ECF No. 1 at 4). On that date, A.V., a fifteen year old girl, was reportedly sexually assaulted by two men while at a friend's home in Teaneck, New Jersey. (*Id.* at 4-5). A.V. ultimately identified Petitioner as one of the two men who assaulted her on that date. (*Id.* at 6). This identification ultimately led the police to seek and obtain search and arrest warrants for Petitioner and his current address which Petitioner now seeks to challenge arguing that the police only obtained the warrants by performing a fraud on the court. (ECF No. 1 at 2-13). Petitioner also seeks to challenge his current bail order, which currently requires that Petitioner post $ 300,000 in order to be released from pre-trial detention on the grounds that other sex offenders have lower bail amounts and his co-defendants received lower bail. (*Id.* at 8-9).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule

2

1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

B.  Analysis

Petitioner is a pre-trial detainee seeking to challenge the basis of his arrest warrant on probable cause grounds and to challenge the current bail order entered as to his detention in New Jersey Superior Court. Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit therefore concluded in *Moore* that although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. Thus, where no exceptional circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal

charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*

Here, Petitioner has failed to present any extraordinary or exceptional circumstances which would incline this Court to hear his current claims prior to their exhaustion in the state court. In so much as Petitioner challenges the affidavits which resulted in his arrest warrant and the search warrant for the home in which he was staying, he is essentially attempting to litigate his constitutional defenses in this court before first raising them in the state courts, and thus his current petition is premature until such time as he has exhausted his claims by raising them before all three levels of the New Jersey state courts. *Duran*, 383 F. App'x at 4. As to his bail claims, Petitioner has likewise shown no extraordinary circumstances, nor has he exhausted his claims. Petitioner is free to request further reductions in his bail in the state courts, or to otherwise appeal the denial of such requests. As Petitioner has shown no extraordinary circumstances, those claims, too, must be completely exhausted in the state courts before Petitioner may raise them here. *Id.* (summarily affirming the dismissal of a petition raising, *inter alia*, excessive bail claims); *see also Wiggins v. Ellis*, No. 10-1243, 2010 WL 3909873, at *3 (D.N.J. Oct. 1, 2010) (noting that it is not clear that an excessive bail claim against the states is cognizable on habeas review, and that in any event consideration of such claims without exhaustion is inappropriate absent exceptional circumstances under § 2241 or 28 U.S.C. § 2254). As Petitioner has not exhausted his claims, and as his petition presents no extraordinary circumstances to warrant this Court hearing his claims without exhaustion, this Court must

4

dismiss the petition without prejudice at this time.  *Duran*, 383 F. Appx at 4; *Moore*, 515 F.2d at 443-46.

### III. CONCLUSION

For the reasons stated above, Petitioner's application to proceed *in forma pauperis* is granted and his petition for a writ of habeas corpus (ECF No. 1) will be dismissed without prejudice.  An appropriate order follows.


February 17, 2016                                                         *s/ Susan D. Wigenton*
                                                                          Hon. Susan D. Wigenton,
                                                                          United States District Judge