UNITED STATES DISTRICT COU
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREEM A. GIBBS, | Civil Action No: 16-0680 (SDW) |
| Petitioner, | **WHEREAS OPINION** |
| v. | |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, *et al.*, | June 20, 2025 |
| Respondents. | |

**WIGENTON**, District Judge.

  **THIS MATTER** having come before this Court upon *pro se* Petitioner Kareem A. Gibbs's ("Petitioner") motion to reopen the proceedings and amend his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 16); and

  **WHEREAS** Petitioner was a pretrial detainee at the Bergen County Jail facing sexual assault charges when he filed the Petition on February 8, 2016, (ECF No. 1); and

  **WHEREAS** Petitioner challenged his arrest and detention as well as the bail decision "on the grounds that other sex offenders [had] lower bail amounts and his co-defendants received lower bail," (ECF No. 2 at 2); and

  **WHEREAS** this Court dismissed the Petition without prejudice on February 17, 2016 as Petitioner had not exhausted his state court remedies, (ECF No. 3); and

  **WHEREAS** Petitioner filed an appeal with the Third Circuit, (ECF No. 7); and

  **WHEREAS** the Third Circuit denied a certificate of appealability on June 7, 2016, *Gibbs v. Att'y Gen. New Jersey*, Appeal No. 16-1630 (3d Cir. June 7, 2016); *see also* (ECF No. 15); and

  **WHEREAS** Petitioner now seeks to reopen the proceedings and amend his Petition pursuant to Federal Rule of Civil Procedure 15 as he has exhausted his state court remedies, (ECF

No. 16); and

**WHEREAS** "[a]lthough Rule 15 vests the District Court with considerable discretion to permit amendment 'freely ... when justice so requires,' the liberality of the rule is no longer applicable once judgment has been entered." *Ahmed v. Dragovich*, 297 F.3d 201, 207-08 (3d Cir. 2002) (quoting Fed. R. Civ. P. 15(a)). A motion to be relieved from a judgment must be filed pursuant to Federal Rule of Civil Procedure 60(b); and

**WHEREAS** according to the documents Petitioner submitted, he pled guilty on September 17, 2018 to endangering the welfare of a child, N.J.S.A. 2C:24-4(a), (ECF No. 17-1 at 108); and

**WHEREAS** Petitioner's § 2241 petition challenging his pretrial detention is therefore moot. This Court will deny the motion to reopen as it no longer has jurisdiction pursuant to § 2241. *See Clark v. Payne*, 341 F. App'x 355, 356 (10th Cir. 2009) ("[Section] 2241 petitions that challenge a defendant's pretrial custody become moot upon the conviction of the petitioner."); *Williams v. New Jersey*, No. 18-14964, 2020 WL 3259223, at *2 (D.N.J. June 16, 2020). "[I]f a case no longer presents a live case or controversy, the case is moot, and the federal court lacks jurisdiction to hear it." *Williams*, 2020 WL 3259223, at *2 (citing *Nextel W. Corp. v. Unity Twp.*, 282 F.3d 257, 261 (3d Cir. 2002)); and

**WHEREAS** although this Court will not reopen the §2241 proceedings, it will instruct the Clerk to file Petitioner's submissions in a new proceeding pursuant to 28 U.S.C. § 2254. This will preserve Petitioner's May 22, 2025 filing date in light of his stated intention to challenge his state court convictions, (ECF No. 16 at 2); and

**WHEREAS** this Court will deny a certificate of appealability as reasonable jurists would agree that the § 2241 Petition is moot, 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); therefore

Petitioner's motion is **DENIED**. An appropriate order follows.

_____
**SUSAN D. WIGENTON, U.S.D.J.**
Dated: June 23, 2025